## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 20 2017, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel M. Schumm
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Andrew B. Howk
Hall, Render, Killian,
Heath & Lyman
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Civil Commitment of M.R.,

*Appellant-Respondent,*

v.

St. Vincent Hospital and Health Care Center, Inc. d/b/a St. Vincent Stress Center,

*Appellee-Petitioner*

July 20, 2017

Court of Appeals Case No. 49A04-1701-MH-191

Appeal from the Marion Superior Court

The Honorable Steven R. Eichholtz, Judge

Trial Court Cause No. 49D08-1701-MH-183

**Baker, Judge.**

[1]     M.R. has been diagnosed with severe depression and borderline personality disorder. In January 2017, St. Vincent Stress Center sought the involuntary commitment of M.R. after she stabbed herself in the abdomen. The trial court held a hearing on the petition on January 5, 2017, at which there was testimony and discussion regarding the possibility of a future transfer from St. Vincent to a state facility. The trial court ultimately granted a regular commitment to St. Vincent but stated, "[if] the hospital decides to attempt to transfer to the state hospital [in the future], so be it." Tr. p. 27. Following the hearing, the trial court granted the petition for involuntary commitment, finding that M.R. was in need of custody, care, and treatment at St. Vincent Stress Center.

[2]     M.R. ostensibly appeals from that order, but is not challenging the involuntary commitment or the trial court's order that she be placed at St. Vincent Stress Center. Instead, she directs our attention to a notice filed with the trial court on February 28, 2017 (nearly one month after she initiated this appeal), indicating the intention of St. Vincent Stress Center to transfer M.R. to Richmond State Hospital. She objects to the transfer, arguing that proper procedures were not followed. But there is no court order from which she is appealing; instead, this transfer appears to have been an administrative decision.[1]

---

[1] There are no trial court orders appearing in the Chronological Case Summary following the February 28, 2017, notice that the superintendent of Richmond State Hospital had authorized M.R.'s transfer to that facility. Appellant's App. Vol. II p. 3, 25-27.

[3]     Indiana Code section 12-26-11-6 provides that a committed individual whose commitment is transferred "may, within thirty (30) days after the transfer, petition the committing court for an order setting aside the transfer . . . ." Here, M.R. did not file a petition with the trial court to set aside the transfer, nor did the trial court ever issue a ruling regarding the transfer. Under these circumstances, there is no trial court order before us to review.

[4]     M.R. insists that she appeals from the initial order of commitment, arguing that her placement is an integral part of that commitment. We do not disagree, but simply note that the trial court's final order of commitment orders that she be placed in St. Vincent Stress Center. Appealed Order p. 2. Consequently, there is nothing in that order with which she disagrees.

[5]     She also contends that St. Vincent's position requires a conclusion that patient transfers "never squarely fall within an appealed order and the only remedy for a deficient transfer lies within the trial court." Reply Br. p. 4. We disagree. Our General Assembly has set forth a statutory procedure that requires that a committed individual seeking to set aside a transfer must first seek relief with the trial court. If the individual is not satisfied with the trial court's ruling, then she is free to seek appellate review of that order. Here, however, there is no such order for us to review.

[6]     Finally, M.R. contends that neither her immediate family nor her attorney were notified of the transfer. As noted above, M.R. would have thirty days from the date of transfer—not of the filing of the notice of the pending transfer—to

challenge it in a trial court. If, for some reason, M.R.'s husband and other family members were genuinely unaware that she was transferred to an entirely different facility for longer than thirty days after the transfer, she would certainly be entitled to argue to the trial court that the alleged lack of actual knowledge of the transfer extended the deadline. Here, however, she did not even try, so we have no trial court order regarding her transfer (or her right to contest it) to review.

[7] The only order properly before us is the trial court's initial order committing M.R. involuntarily to St. Vincent Stress Center. She does not contest the involuntary commitment or the placement at St. Vincent. Therefore, we affirm.

[8] The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.